**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **Gone Coastal Carts, LLC** | **CIVIL ACTION NO.** _____ |
| **Plaintiff,** | |
| **v.** | **COMPLAINT FOR INJUNCTIVE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL** |
| **Coastal Golf Cars LLC.** | |
| **Defendant.** | |

## COMPLAINT

Plaintiff GONE COASTAL CARTS, LLC (hereinafter "GONE COASTAL"), a South Carolina limited liability company, by its undersigned attorneys, brings this action against Defendant COASTAL GOLF CARTS (hereinafter "Defendant COASTAL"), and alleges as follows:

## PARTIES

1.     Plaintiff, GONE COASTAL is a South Carolina limited liability company, providing dealerships in the field of golf carts and electric vehicles, its principal place of business in Surfside Beach, South Carolina.

2.     Defendant, COASTAL is a limited liability company operating a dealership in the field of golf carts and electric vehicles with its principal place of business in Surfside Beach, South Carolina.

## JURISDICTION AND VENUE

3.      This action arises under the Lanham Act of the United States, 15 U.S.C. § 1051 et seq. and the common law of the South Carolina as a result of Defendant's infringement of the Plaintiff GONE COASTAL's registered and common law Trademark and service mark rights, and other unlawful activities conducted by Defendant COASTAL in connection with such infringement.

4.      The jurisdiction of this Court is founded upon 28 U.S.C. § 1338(a).  This Court has jurisdiction over the claims asserted under the laws of the State of South Carolina for common law trademark infringement under 28 U.S.C. § 1338(b).

5.      Venue is proper in this District and this Court pursuant to 28 U.S.C. § 1391(b)

## FACTUAL BACKGROUND
### Plaintiff and its Trademark and Service Marks

6.      Since at least as early as January 1, 2021, Plaintiff GONE COASTAL has been operating a dealership which offers golf carts and electronic vehicles. Plaintiff GONE COASTAL has always operated under the service mark GONE COASTAL®.  Plaintiff GONE COASTAL has provided such services continuously and without interruption, since opening in January 2021 through the present.  Since opening in Surfside Beach, South Carolina, Plaintiff GONE COASTAL's business has gained popularity with its customers and its demand increased significantly.

7.      Plaintiff GONE COASTAL's success is due substantially to its branding and the quality control exercised over the use of its marks. In order to protect what it considers one of its most valuable assets, namely, the name of its dealership, Plaintiff GONE COASTAL filed for and obtained federal trademark and service mark Registration for its marks from the United States Patent and Trademark Office. Plaintiff GONE COASTAL is the owner of the following trademark,

which is registered on the Principal Register of the United States Patent and Trademark Office (the "Registration").

8.       On December 16, 2021, Plaintiff GONE COASTAL filed a federal trademark application (U.S. Ser. No. 75/082,003) for the mark GONE COASTAL as used in connection with dealership services in the field of golf carts and electric vehicles in Intl. Class 42, and with a date of first use of at least as early as January 17, 2021.  The Registration issued on February 7, 2023, U.S. Registration Number 6971965.

9.       The Registration is valid, continuing and constitutes prima facie evidence of Plaintiff GONE COASTAL's ownership of the Trademark and the Registration, the validity of the Trademark and Registration and of Plaintiff GONE COASTAL's exclusive rights to use the Trademark in commerce on and in connection with the goods and services recited in the Registration. True and correct copies of the United States Patent and Trademark Office certificates of registration for the Trademark are attached hereto as Exhibit "A" and incorporated herein by this reference. The Registration constitute conclusive evidence of Plaintiff GONE COASTAL's exclusive rights to use said mark in connection with its services.

10.       In addition to Plaintiff's registered GONE COASTAL Trademark, through continuous and exclusive use of the Trademark, Plaintiff GONE COASTAL has acquired common law trademark and service mark rights in the Trademark.

11.       Plaintiff GONE COASTAL acquired its common law rights and Registration in the Trademark well prior to the acts of Defendant COASTAL complained of herein.

12.       Plaintiff GONE COASTAL has expended a great deal of time, effort and money in the promotion and advertisement of its Services offered for sale and sold in connection with the Trademark.

13.    Plaintiff GONE COASTAL's growth and tremendous success is due in large part to the public's recognition of the high-quality goods and services Plaintiff GONE COASTAL provides under the Trademark.

14.    As a direct result of Plaintiff GONE COASTAL's efforts, the general public associates the Trademark, when used by Plaintiff GONE COASTAL as identifying Plaintiff GONE COASTAL as the single source of the goods and services sold and offered for sale under the Trademark. The Trademark distinguishes Plaintiff GONE COASTAL's goods and services from products and services offered by others. Without question, the Trademark is unique and arbitrary. As a result of the widespread and continuous use and promotion of the Trademark, it is distinctive and/or has acquired secondary meaning in the minds of customers.

15.    Also, as a result of Plaintiff GONE COASTAL's widespread and continuous use and promotion of the Trademark on its goods and services, the Trademark has become widely known and recognized as identifying Plaintiff GONE COASTAL as the source of the goods and services. The Trademark represents and embodies the enviable reputation and very valuable goodwill of Plaintiff GONE COASTAL among members of the trade and the purchasing public.

**Defendants**

16.    Defendant COASTAL is operating a golf cart and electric vehicle dealership under the name COASTAL GOLF CARS, which has caused and will cause additional actual confusion in the marketplace and infringes upon Plaintiff GONE COASTAL's rights. Defendant COASTAL receives a direct benefit from the infringing activities.  A copy of Defendant COASTAL's website home page is identified as Exhibit "B" and attached hereto.

17.    Upon information and belief, Defendant COASTAL began operating its business on or about October 12, 2021.  A copy of the record of formation for Defendant Coastal Golf Cars,

LLC from the South Carolina Secretary of State's Office is identified as Exhibit "C" and attached hereto.

18.     Defendant COASTAL's business is located at 770 US-17 Business, Surfside Beach, South Carolina, which is located on the same street as Plaintiff GONE COASTAL's business (located at 311 US-17 Business, Surfside Beach, South Carolina), approximately 0.8 miles apart. A copy of a map showing the extremely close proximity of Plaintiff GONE COASTAL's business and Defendant COASTAL's business is identified as Exhibit "D" and attached hereto.

<u>**Trademark and Service Mark Infringement**</u>

19.     Prior to filing this lawsuit, Plaintiff GONE COASTAL, through its legal counsel, demanded in writing that Defendant COASTAL cease using the Trademark and contact Plaintiff GONE COASTAL's counsel to coordinate an immediate cessation of all uses of the Trademark. Plaintiff GONE COASTAL's counsel sent a cease-and-desist letter on March 16, 2023, and after receiving no response, sent a follow-up letter on April 6, 2023. Defendant COASTAL responded to Plaintiff GONE COASTAL's letter of April 6, 2023, through its counsel, on April 14, 2023. After short discussions Plaintiffs' counsel sent another cease-and-desist on April 26, 2023 to Defendant's counsel via email, and Defendant's counsel responded on April 27, 2023. Copies of the correspondence between the parties are identified as Exhibit "E" and attached hereto.

20.     Defendant COASTAL's unauthorized use of the Trademark creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of their goods and services such that consumers are likely to believe, contrary to fact, that Defendant COASTAL's business is associated or affiliated with Plaintiff GONE COASTAL and that Defendant COASTAL's business is an authorized licensee, which it is not, all to Plaintiff GONE COASTAL's irreparable

loss and damage. In addition, Defendant COASTAL's acts complained of herein injure Plaintiff GONE COASTAL's valuable goodwill and well established business reputation.

21.     Not only is confusion likely, but actual confusion with the public is occurring, as Plaintiff GONE COASTAL has received inquiries from customers and vendors regarding the Defendant COASTALs' business, mistakenly believing that Plaintiff GONE COASTAL's business was instead Defendant COASTAL's business.  One example of actual confusion is a Facebook    Review    on    Defendant    COASTAL's    Facebook    page (https://www.facebook.com/profile.php?id=100084350752680),    wherein    a    customer    is recommending Defendant COASTAL, but refers to Plaintiff GONE COASTAL.  A copy of this review is identified as Exhibit "F" and attached hereto.  In another example, one of Plaintiff GONE COASTAL's customers purchased a golf cart, and made the check payable to Defendant COASTAL ("COASTAL CARTS").  A redacted copy of this check is identified as Exhibit "G" and attached hereto.

22.     Defendant COASTAL's actions were and continue to be taken in willful and malicious disregard of Plaintiff GONE COASTAL's rights.

23.     Defendant COASTAL's infringing activities have caused Plaintiff GONE COASTAL monetary harm.

24.     Defendant COASTAL's unauthorized use of Plaintiff GONE COASTAL's Trademark is a deceptive practice that has an adverse impact on the public interest.

25.     By virtue of Defendant COASTAL's actions described herein, Plaintiff GONE COASTAL is being irreparably harmed and does not have an adequate remedy at law because Plaintiff GONE COASTAL's special interest in protecting the integrity of the Trademark and in preventing customer confusion are being seriously threatened. Actual confusion of purchasers has

already occurred and will continue to occur in the future unless Defendant COASTAL is enjoined from continuing its unlawful conduct. Plaintiff GONE COASTAL's irreparable injury also includes, without limitation, harm to the value of its goodwill and business reputation and its ability to exclusively maintain its Trademark to the exclusion of all others.

26.     Plaintiff GONE COASTAL is likely to succeed on the merits of its claims. Any harm to Defendant COASTAL if injunctive relief is granted would be outweighed by the harm that would result to Plaintiff GONE COASTAL if injunctive relief is not granted. The public interest would be served by the granting of injunctive relief

27.     Plaintiff GONE COASTAL has hired the undersigned law firms and obligated itself to pay a reasonable attorneys' fee.

28.     All conditions precedent to the bringing of this action has occurred, have been performed, have been fulfilled, or have been waived.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (LANHAM ACT, 15 U.S.C. § 1051, et. seq.)

29.     Plaintiff GONE COASTAL repeats and realleges each and every allegation of paragraphs 1 through 28 above as if fully set forth herein.

30.     This count is for infringement of federally registered Trademark and service marks in violation of the Lanham Act, 15 U.S.C. § 1051-1129.

31.     The acts of Defendant COASTAL complained of herein constitute trademark and service mark infringement of Plaintiff GONE COASTAL's federally registered Trademark, as depicted in the Registration, in violation of 15 U.S.C. § 1114-1118.

32.     By virtue of the foregoing conduct and as a proximate result there from, Plaintiff GONE COASTAL has been damaged.

**WHEREFORE,** Plaintiff GONE COASTAL demands judgment against Defendant COASTAL, as follows:

    (a)    A declaration that Plaintiff GONE COASTAL is the owner of the entire right, title, and interest in and to the Trademark and Registration;

    (b)    A declaration that Plaintiff GONE COASTAL's rights in the Trademark and Registration IS valid, enforceable, and has been infringed by Defendant, and that Defendant COASTAL has violated other relevant federal laws and regulations;

    (c)    Pursuant to 15 U.S.C. § 1116(a), a preliminary injunction, and upon final hearing a permanent injunction, enjoining Defendant, its agents, employees and any persons acting in concert with Defendant, from: (i) improperly using or misappropriating, directly or indirectly, the Trademark or any colorable imitation thereof or mark confusing similar thereto; (ii) holding themselves out to the public as being an authorized licensee or as being affiliated with or sponsored by Plaintiff GONE COASTAL in any manner or committing any acts likely to imply such a relationship or affiliation; (iii) passing off their products and services as originating with or sponsored or authorized by Plaintiff GONE COASTAL; and (iv) otherwise infringing Plaintiff GONE COASTAL's rights in the Trademark and Registration and competing unfairly with Plaintiff GONE COASTAL;

    (d)    Pursuant to 15 U.S.C. § 1116(a) and 1118, an order requiring Defendant COASTAL to deliver up to Plaintiff GONE COASTAL for destruction all signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, point of sale displays, and any other products in their possession or under their control, as well as any products which bear any Trademark or marks owned by Plaintiff GONE COASTAL or any colorable imitation thereof or any mark confusingly similar thereto and any plates, molds and other means of making the same;

    (e)    Pursuant to 15 U.S.C. § 1116(a), a preliminary injunction, and upon final hearing a permanent injunction, ordering Defendant COASTAL to notify all of their existing and prospective customers of the Court's Order;

    (f)    Pursuant to 15 U.S.C. § 1116 (a), an order requiring Defendant COASTAL to file with this Court and serve on Plaintiff GONE COASTAL within thirty (30) days after the entry of an injunction in this cause, a written report under oath setting forth in detail the manner and form in which Defendant COASTAL has complied with the injunction;

    (g)    Actual and consequential damages proximately caused by Defendant's actions including, without limitation, Defendant's profits and any damages sustained by Plaintiff GONE COASTAL pursuant to 15 U.S.C. § 1117(a);

    (h)    A trebling of all damages awarded pursuant to 15 U.S.C. § 1117(a);

    (i)    Plaintiff GONE COASTAL's attorneys' fees pursuant to 15 U.S.C. § 1117(a);

    (j)    Prejudgment interest and the costs of this action; and

    (k)    Such further relief as this Court deems proper.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. S 1125(a)

33.     Plaintiff GONE COASTAL repeats and realleges each and every allegation of paragraphs 1 through 32 above as if fully set forth herein.

34.     This count is for infringement of common law trademark and service mark rights and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051-1129.

35.     Through continuous and exclusive use of the Trademark, Plaintiff GONE COASTAL has acquired common law rights in its Trademark. Plaintiff GONE COASTAL possesses common law rights in the same geographic areas that Defendant COASTAL operates. Plaintiff GONE COASTAL's common law Trademark rights were established across the southeastern United States, and particularly in the State of South Carolina, before Defendant COASTAL first advertised and sold its infringing goods within the State of South Carolina.

36.     Defendant's acts set forth above are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant COASTAL with Plaintiff GONE COASTAL, or as to the origin, sponsorship, or approval of Defendant's goods and services, in violation of 15 U.S.C. § 1125(a).

37.     By virtue of the foregoing conduct and as a proximate result there from, Plaintiff GONE COASTAL has been damaged.

**WHEREFORE,** Plaintiff GONE COASTAL demands judgment against Defendant COASTAL, as follows:

       (a)    A declaration that Plaintiff GONE COASTAL is the owner of the entire right, title, and interest in and to the Trademark and Registration;

       (b)    A declaration that Plaintiff GONE COASTAL's rights in the Trademark and Registration are valid, enforceable, and has been infringed by Defendant, and that Defendant COASTAL has violated other relevant federal laws and regulations;

(c)    Pursuant to 15 U.S.C. § 1116(a), a preliminary injunction, and upon final hearing a permanent injunction, enjoining Defendant, its agents, employees and any persons acting in concert with Defendant, from: (i) improperly using or misappropriating, directly or indirectly, the Trademark or any colorable imitation thereof or mark confusing similar thereto; (ii) holding themselves out to the public as being an authorized GONE COASTAL licensee or as being affiliated with or sponsored by Plaintiff GONE COASTAL in any manner or committing any acts likely to imply such a relationship or affiliation; (iii) passing off their products and services as originating with or sponsored or authorized by Plaintiff GONE COASTAL; and (iv) otherwise infringing Plaintiff GONE COASTAL's rights in the Trademark and Registration and competing unfairly with Plaintiff GONE COASTALs;

(d)    Pursuant to 15 U.S.C. § 1116(a) and 1118, an order requiring Defendant COASTAL to deliver up to Plaintiff GONE COASTAL for destruction all signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, point of sale displays, and any other products in their possession or under their control, as well as any products which bear any Trademark or marks owned by Plaintiff GONE COASTAL or any colorable imitation thereof or any mark confusingly similar thereto and any plates, molds and other means of making the same;

(e)    Pursuant to 15 U.S.C. § 1116(a), a preliminary injunction, and upon final hearing a permanent injunction, ordering Defendant COASTAL to notify all of their existing and prospective customers of the Court's Order;

(f)    Pursuant to 15 U.S.C. § 1116 (a), an order requiring Defendant COASTAL to file with this Court and serve on Plaintiff GONE COASTAL within thirty (30) days after the entry of an injunction in this cause, a written report under oath setting forth in detail the manner and form in which Defendant COASTAL has complied with the injunction;

(g)    Actual and consequential damages proximately caused by Defendant's actions including, without limitation, Defendant's profits and any damages sustained by Plaintiff GONE COASTAL pursuant to 15 U.S.C. § 1117(a);

(h)    A trebling of all damages awarded pursuant to 15 U.S.C. § 1117(a);

(i)    Plaintiff GONE COASTAL attorneys' fees pursuant to 15 U.S.C. § 1117(a);

(j)    Prejudgment interest and the costs of this action; and

(k)    Such further relief as this Court deems proper.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

38.    Plaintiff GONE COASTAL repeats and realleges each and every allegation of paragraphs 1 through 37 above as if fully set forth herein.

39.     This count is for trademark and service mark infringement and unfair competition under the common laws of the State of South Carolina.

40.     Through continuous and exclusive use of the Trademark, Plaintiff GONE COASTAL has acquired common law rights in its Trademark. Plaintiff GONE COASTAL possesses common law rights in the same geographic areas that Defendant COASTAL operates its business.

41.     Defendant's acts set forth above are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant COASTAL with Plaintiff GONE COASTAL, or as to the origin, sponsorship, or approval of Defendant's goods and services, in violation of the common laws of the State of South Carolina.

42.     By virtue of the foregoing conduct and as a proximate result there from, Plaintiff GONE COASTAL has been damaged.

**WHEREFORE,** Plaintiff GONE COASTAL demands judgment against Defendant COASTAL, as follows:

(a)     A declaration that Plaintiff GONE COASTAL is the owner of the entire right, title, and interest in and to the Trademark;

(b)     A declaration that Plaintiff GONE COASTAL's rights in the Trademark are valid, enforceable, and have been infringed by Defendant, and that Defendant COASTAL has violated other relevant federal laws and regulations;

(c)     A preliminary injunction, and upon final hearing a permanent injunction, enjoining Defendant, its agents, employees and any persons acting in concert with Defendant, from: (i) improperly using or misappropriating, directly or indirectly, the Trademark or any colorable imitation thereof or mark confusing similar thereto; (ii) holding themselves out to the public as being an authorized Plaintiff GONE COASTAL licensee or as being affiliated with or sponsored by Plaintiff GONE COASTAL in any manner or committing any acts likely to imply such a relationship or affiliation; (iii) passing off their products and services as originating with or sponsored or authorized by Plaintiff GONE COASTAL; and (iv) otherwise infringing Plaintiff GONE COASTAL's rights in the Trademark and competing unfairly with Plaintiff GONE COASTAL;

    (d)     An order requiring Defendant COASTAL to deliver up to Plaintiff GONE COASTAL for destruction all signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, point of sale displays, and any other products in their possession or under their control, as well as any products which bear any Trademark or marks owned by Plaintiff GONE COASTAL or any colorable imitation thereof or any mark confusingly similar thereto and any plates, molds and other means of making the same;

    (e)     A preliminary injunction, and upon final hearing a permanent injunction, ordering Defendant COASTAL to notify all of their existing and prospective customers of the Court's Order;

    (f)     An order requiring Defendant COASTAL to file with this Court and serve on Plaintiff GONE COASTAL within thirty (30) days after the entry of an injunction in this cause, a written report under oath setting forth in detail the manner and form in which Defendant COASTAL has complied with the injunction;

    (g)     Actual and consequential damages proximately caused by Defendant's actions including, without limitation, Defendant's profits and any damages sustained by Plaintiff GONE COASTAL;

    (h)     Prejudgment interest and the costs of this action; and

    (i)     Such further relief as this Court deems proper.

## COUNT IV
## UNJUST ENRICHMENT

43.    Plaintiff GONE COASTAL repeats and reallege each and every allegation of paragraphs 1 through 42 above as if fully set forth herein.

44.    This count alleges that Defendant COASTAL has been unjustly enriched by their illegal and improper actions.

45.    Defendant COASTAL has controlled, misappropriated and used the Trademark for their own advantage.

46.    Through the unlawful and improper conduct described above, Defendant COASTAL has, at the expense of Plaintiff GONE COASTAL, been unjustly enriched and should not be entitled to retain those benefits.

47.     Plaintiff GONE COASTAL is entitled to restitution of the amount by which Defendant COASTAL was, and continues to be, unjustly enriched, and Defendant COASTAL should be estopped from inequitably retaining such benefits.

**WHEREFORE,** Plaintiff GONE COASTAL demands judgment against Defendant COASTAL, as follows:

(a)     A declaration that Plaintiff GONE COASTAL is the owner of the entire right, title, and interest in and to the Trademark and Registration;

(b)     A declaration that Plaintiff GONE COASTAL's rights in the Trademark and Registration are valid, enforceable, and has been infringed and misappropriated by Defendant, and that Defendant COASTAL has violated other relevant federal laws and regulations;

(c)     A preliminary injunction, and upon final hearing a permanent injunction, enjoining Defendant, its agents, employees and any persons acting in concert with Defendant, from: (i) improperly using or misappropriating, directly or indirectly, the Trademark or any colorable imitation thereof or mark confusing similar thereto; (ii) holding themselves out to the public as being an authorized Plaintiff GONE COASTAL licensee or as being affiliated with or sponsored by Plaintiff GONE COASTAL in any manner or committing any acts likely to imply such a relationship or affiliation; (iii) passing off their products and services as originating with or sponsored or authorized by Plaintiff GONE COASTAL; and (iv) otherwise infringing Plaintiff GONE COASTAL's rights in the Trademark and Registration and competing unfairly with Plaintiff GONE COASTAL;

(d)     An order requiring Defendant COASTAL to deliver up to Plaintiff GONE COASTAL for destruction all signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, point of sale displays, and any other products in their possession or under their control, as well as any products which bear any Trademark or marks owned by Plaintiff GONE COASTAL or any colorable imitation thereof or any mark confusingly similar thereto and any plates, molds and other means of making the same;

(e)     A preliminary injunction, and upon final hearing a permanent injunction, ordering Defendant COASTAL to notify all of their existing and prospective customers of the Court's Order;

(f)     An order requiring Defendant COASTAL to file with this Court and serve on Plaintiff GONE COASTAL within thirty (30) days after the entry of an injunction in this cause, a written report under oath setting forth in detail the manner and form in which Defendant COASTAL has complied with the injunction;

(g)     An accounting of profits made by Defendant COASTAL as a result of the acts complained of herein;

(h)    The imposition of a constructive trust on all monies derived from Defendant's use of the Trademark and Registration, and all monies and property diverted by Defendant COASTAL from Plaintiff GONE COASTAL as identified herein;

(i)    Prejudgment interest and the costs of this action; and

(j)    Such further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff GONE COASTAL hereby demands a jury trial for all issues so triable as a matter of right.

SOUTHEAST IP GROUP, LLC

**/s/ Thomas L. Moses**
Thomas L. Moses
Fed. ID 7049
SOUTHEAST IP GROUP, LLC
P.O. Box 14156
Greenville, SC 29610
Telephone: (864) 509-1905
E-mail: tmoses@seiplaw.com

*Attorneys for Plaintiff GONE COASTAL CARTS, LLC*

Greenville, SC
June 2, 2023